UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE VENTRONE,

    Plaintiff,

v.                                      CASE NO. 8:15-cv-1743-T-23TGW

J.C.J. VENTURES OF PINELLAS
INC. I, et al.,

    Defendants.
_____/

**ORDER**

Jeanette Ventrone sued her former employer, J.C.J. Ventures, under the Fair Labor Standards Act (FLSA) for unpaid minimum and overtime wages. After J.C.J. Ventures moved (Docs. 16, 39) to dismiss for failure to state a claim, an April 8, 2016 order (Doc. 47) dismisses the amended complaint (Doc. 15) without prejudice. Ventrone amends (Doc. 49) and asserts only a claim for unpaid minimum wages.[*]

J.C.J. Ventures again moves (Doc. 53) to dismiss for failure to state a claim.

---

[*] The second amended complaint omits Ventrone's former claim for unpaid overtime wages, and in her response to the motion to dismiss, Ventrone confirms that the omission is intentional. (Doc. 54 at 2 ("[T]he Second Amended Complaint . . . has been limited to one solitary count for unpaid minimum wages. The Second Amended Complaint does not contain a separate count for overtime wages.")) As a result, Ventrone may not seek damages for unpaid overtime wages because that claim is "no longer a part of the operative complaint." *Haddock v. Nationwide Fin. Services Inc.*, 514 F. Supp. 2d 267, 273 (D. Conn. 2007).

Under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To establish an FLSA claim for unpaid minimum wages, a plaintiff must show (1) that an employment relation existed, (2) that the employer engaged in interstate commerce, and (3) "that the defendant failed to pay the minimum wage required by law." *Ramirez v. Raptor Tech. Group, Inc.*, 2012 WL 2589256, at *2 (M.D. Fla. 2012) (Smith, Mag. J.). Challenging the third element, J.C.J. Ventures argues that the second amended complaint "suffers from the same deficiencies that this Court previously identified" in the April 8 order, which states:

> Ventrone identifies no instance when J.C.J. Ventures either failed to pay Ventrone or paid Ventrone less than the minimum wage. Ventrone fails also to approximate the amount of hours she worked either for no wage or for less than the minimum wage. Ventrone's conclusory allegations are insufficient to state a claim for unpaid minimum wages.

(Doc. 47 at 3–4)

Unlike the amended complaint, the second amended complaint sufficiently identifies when and how often J.C.J. Ventures failed to pay Ventrone. The second amended complaint alleges that for each week from July 2012 to July 2015, Ventrone "worked 2.5 to 4 hours or more" without compensation. (Doc. 49 ¶ 8)  If true, the failure to pay Ventrone for at least two hours of work each week violates the FLSA. *See Kendrick v. Eagle Intern. Group, LLC*, 2011 WL 1326830, at *3 (S.D. Fla. Apr. 4, 2011) (Marra, J.) (granting summary judgment for an employee on a claim for unpaid minimum wages under the FLSA because the evidence demonstrated that the employee "worked several weeks without being paid at all"). Because the second amended complaint states a plausible claim for unpaid minimum wages under the FLSA, the motion (Docs. 53) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on May 18, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE